## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

_____x

ESTATE OF WILLIAM S. ORLOVE, by its
Personal Representative Jay M. Eisenberg,

                   Plaintiff,        Case No. 5:21-cv-93

    v.

MLF LEXSERV, LLC,

                   Defendant.

_____x

## NOTICE OF REMOVAL

**TO:**  **THE HONORABLE JUDGES OF THE**
     **UNITED STATES DISTRICT COURT FOR THE**
     **MIDDLE DISTRICT OF FLORIDA**

    Pursuant to 28 U.S.C. §§ 1441(b) and 1332(a), Defendant, MLF LexServ,

LLC, ("MLF"), by and through its undersigned attorneys, Weissman & Dervishi,

P.A., hereby respectfully files this Notice of Removal of this case, from the Circuit

Court of the Fifth Judicial Circuit, Sumter County, Florida, to this Court.  MLF

seeks to remove this case based on diversity of citizenship and in support thereof

states as follows:

    1.     On January 19, 2021, plaintiff, Estate of William S. Orlove by its

Personal Representative Jay M. Eisenberg, ("Plaintiff") filed a complaint against

MLF in the United States District Court for the Southern District of Florida,

bearing the caption *Estate of William S. Orlove, by its Personal Representative Jay M. Eisenberg v. MLF LexServ, LLC and John Doe,* (S.D. Fla. No. 2:21-cv-14028). On January 21, 2021, Judge Donald M. Middlebrooks dismissed the complaint *sua sponte* on the grounds that the Court could not determine whether it had subject matter jurisdiction over the case based on diversity because the complaint failed to sufficiently allege diverse citizenship and the requisite amount in controversy. On January 25, 2021, Plaintiff submitted a Notice of Voluntary Dismissal without prejudice of its claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). On January 29, 2021, Judge Middlebrooks closed the case.

2.     On January 25, 2021, Plaintiff commenced an action against MLF in the Circuit Court of the Fifth Judicial Circuit, Sumter County, Florida, entitled *Estate of William S. Orlove, by its Personal Representative Jay M. Eisenberg v. MLF LexServ, LLC* (Case No. 2021 CA 000043 AXMX) ("the State Complaint"). On January 27, 2021, Plaintiff served a Summons and the State Complaint and requests for discovery upon MLF's registered agent for service. A true and correct copy of the State Complaint is attached hereto as Exhibit A. The above-captioned action is now pending in the Fifth Judicial Circuit.

3.     No further proceedings have been held in the Fifth Judicial Circuit.

4.     The above-captioned civil action is a civil action that may be removed to this Court by defendant on the following grounds:

    a.   <u>Diversity of the Citizenship of the Parties</u>.  There is complete diversity of citizenship between the parties, Plaintiff, and the Defendant, MLF.

    i.   According to Paragraph 1 of the Complaint, Plaintiff, the Estate of William S. Orlove, is a citizen of Florida and was established in Florida after the death of William S. Orlove, who was a resident of Sumter County, Florida.  Ex. A at ¶ 1.  For the purposes of diversity jurisdiction and removal under Section 1441, the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c) (2); *King v. Cessna Aircraft Co*., 505 F.3d 1160, 1170 (11th Cir. 2007) ("[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death.").  Thus, Plaintiff is a citizen and resident of the state of Florida.

    ii.   The defendant, MLF, is a limited liability company.  For the purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004).  As explained in the Declaration of Maureen Sheehan, attached as Exhibit B, MLF has a single member, Longevity Holdings Inc., ("Longevity"), and Longevity is organized under the laws of Delaware and maintains its principal place of business

in Minnesota.  *See* Ex. B.  Thus, for the purposes of determining diversity

jurisdiction, Longevity is a citizen of Delaware and Minnesota.  28 U.S.C. §

1332(c)(1).   Therefore, for the purposes of diversity jurisdiction, MLF is a citizen

of Delaware and Minnesota.  *Rolling Greens MHP, LP,* 374 F.3d at 1022.

Accordingly, the Plaintiff and Defendant, MLF, are citizens of different states and

there is complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1).

      b.   <u>The Amount in Controversy Exceeds $75,000</u>.   According to

Paragraphs 41 and 44 of the State Complaint, Plaintiff seeks to recover "in excess

of $1 million (plus applicable interest, attorneys' fees, and other costs and

damages), from MLF."  State Complaint, Ex. A at ¶¶ 41, 44.  Thus, the amount in

controversy exceeds $75,000, exclusive of interest and costs as required by 28

U.S.C. § 1332(a).

     5.   <u>Venue.</u>   Venue is proper in the Middle District of Florida because the

case is currently pending in the Fifth Judicial Circuit in Sumter County, which is

located in this District and Plaintiff alleges a substantial part of the events or

omissions giving rise to the claim happened in this judicial district.  *See* 28 U.S.C.

§§ 1446(a); 1391(b)(2).

     6.   This Court accordingly has subject matter jurisdiction pursuant to 28

U.S.C. § 1332(a) and MLF, as a foreign defendant, is entitled to remove this case

pursuant to 28 U.S.C. § 1441.  This Notice of Removal is filed within the time

provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure. A copy of all other process and pleadings served upon MLF in such action is attached as Composite Exhibit C pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06.

7.    MLF has not yet answered or otherwise replied to the Summons and Complaint filed in this action, nor has its time to respond expired.

8.    Upon filing of this Notice of Removal, MLF shall give written notice thereof to Plaintiff, through its attorneys, Ashley Gomez-Rodon, Joseph K. Kelleher, and Chase A. Howard at Cozen O'Connor, and shall file copies of said Notice of Removal with the Clerk, Circuit Court of the Fifth Judicial Circuit, Sumter County, Florida.

9.    By filing this notice, MLF does not waive, and expressly reserves, any defenses which may be available to it, including defenses based upon improper service, lack of personal jurisdiction, statute of limitation, and failure to state a claim.

WHEREFORE, MLF removes the above-captioned action now pending against it in the Circuit Court of the Fifth Judicial Circuit, Sumter County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division, wherein it shall proceed as an action originally commenced therein.

Dated: February 16, 2021

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:    /s/ Brian S. Dervishi
       Brian S. Dervishi
Florida Bar No. 350303
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
305-347-4077 (Facsimile)
bdervishi@wdpalaw.com
service@wdpalaw.com

*Attorneys for Defendant MLF LexServ, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which sent notification of

such filing to counsel of record, and served a true and correct copy of the foregoing

by U.S. Mail upon:

> Ashley Gomez-Rodon
> COZEN O'CONNOR
> Southeast Financial Center
> 200 South Biscayne Blvd.
> Suite 3000
> Miami, FL 33131
> Telephone: (786) 871-3996
> Facsimile: (305) 704-5955
> Email: agomez-rodon@cozen.com
>
> - and -
>
> Joseph K. Kelleher
> Chase A. Howard
> COZEN O'CONNOR
> One Liberty Plaza
> 1650 Market Street, Suite 2800
> Philadelphia, PA 19103
> Phone: 215-665-2147
> Facsimile: 215-372-2349
>
>
> /s/ Brian S. Dervishi
> Brian S. Dervishi